UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA         :          07 CR. 752 (RPP)

- v -                            :

**CARLOS DONINELLI**             :

        Defendant.              :

-------------------------------------------------------X

# DEFENDANT CARLOS DONINELLI'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE

        LEONARD F. JOY, ESQ.
        Federal Defenders of New York
        Attorney for Defendant
        **Carlos Doninelli**
        52 Duane Street - 10th Floor
        New York, New York 10007
        Tel.: (212) 417-8762

        **DAVID E. PATTON, ESQ.**

TO:    MICHAEL J. GARCIA, ESQ.
        United States Attorney
        Southern District of New York
        One. St. Andrew's Plaza
        New York, New York 10007
        Attn: **Antonia M. Apps, ESQ.**
            Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 07 CR. 752 (RPP) |
| - v - | : | |
| **CARLOS DONINELLI** | : | |
| Defendant. | : | |

-------------------------------------------------------X

**DEFENDANT CARLOS DONINELLI'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

The defendant, Carlos Doninelli, is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). Mr. Doninelli hereby moves under the Federal Rules of Criminal Procedure 12(b)(3) and 41(f) to suppress evidence obtained as the result of an illegal search and seizure by the New York Police Department on July 3, 2007. In particular, Mr. Doninelli moves to suppress two guns that were found in his van by officers of the New York Police Department pursuant to an illegal search and seizure. He also moves to suppress any post-arrest statements he made, as fruits of the illegal search.

## Factual Background

On the morning of July 3, 2007, several New York Police Department officers entered Carlos Doninelli's apartment at 1680 Crotona Park East, Apartment 1D, Bronx, New York. (Declaration of Carlos Doninelli at ¶ 2, attached hereto as Exhibit A). The police apparently entered the apartment pursuant to a New York State search warrant that authorized them to

search for guns and drugs. (See Search Warrant, attached hereto as Exhibit B). Upon entering the apartment, the police placed Mr. Doninelli and two other occupants of the apartment in handcuffs while they searched throughout the apartment. (Doninelli Dec. at ¶ 2). The search revealed no contraband. (Id.)

While in the apartment, the police found two sets of car keys and asked Mr. Doninelli if he owned a car. (Id. at ¶ 3). He answered yes and told them that he owned a green van that was parked outside. (Id.). In fact, Mr. Doninelli owned two vans that were parked outside -- a green van and a white van. (Id.). He did not mention anything about the white van because he knew it contained two guns, and he did not want the police to find them. (Id.). He did not consent to a search of either van, and he did not tell the officers that there were guns or any other contraband located in the white van. (Id.).

While Mr. Doninelli was still in his apartment in handcuffs, the police searched both vans using the keys they found in the apartment. (Id. at ¶ 4). It is Mr. Doninelli's understanding that the police identified the white van parked in front of the building as his by speaking with a neighbor familiar with his vans who was standing outside the building and by using the remote alarm control device on the keychain. (Id.).

After finding two guns in Mr. Doninelli's white van, the police took him out of the apartment and down to the police station. (Id. at ¶ 5). At the police station, he admitted that the guns found in the van belonged to him. (Id.). At the police officers' request, he also signed a "Consent to Search" form. (Id.). At the time he signed it, the form was blank with respect to the premises to be searched. (Id.). In the discovery produced by the Government, it appears that after Mr. Doninelli signed the form, the police scratched out the word "premises" and wrote in

the word "vehicles" together with the location of the vans.  See Consent to Search Form, attached hereto as Exhibit C.  When Mr. Doninelli signed the form, those changes had not been made to the form.  (Doninelli Dec. at ¶ 5).  At no time did he ever give consent to search either of his two vans.  (Id.).

In a letter to counsel on September 6, 2007, the Government gave the following account of the search:

> During the search of the defendant's apartment that was conducted pursuant to a search warrant issued by the Criminal Court of the City of New York, the defendant told officers of the New York City Police Department that the guns and drugs were in his white mini van parked out the front of his apartment building.  At the conclusion of the search of the apartment, the defendant was taken to the police station.  After being read his Miranda rights, the defendant signed a form consenting to the search of his vehicle.  After the police searched the vehicle and found the drugs and the guns, the defendant was again read his Miranda rights.  He then stated that he had owned the .38 caliber revolver for approximately two to three months, and he had owned the .22 caliber revolver for approximately one year.

Govt. Ltr., 9/6/07 at 2, attached hereto as Exhibit D.

Mr. Doninelli contests that version of events.  As stated above, he never gave police permission to search his white van where the guns were found, and the police searched it prior to taking him to the police station and prior to having him fill out a blank "Consent to Search" form.

## ARGUMENT

The search of Mr. Doninelli's van was not lawful.  Warrantless searches "are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).  One exception is the so-called "automobile exception" which allows police to search a car without a warrant only

if they have probable cause to believe it contains contraband.  See United States v. Ross, 456 U.S. 798, 804 (1982).

Here, because the police did not have a warrant or probable cause to search Mr. Doninelli's van, the Government must rely on the police officers' claim that they received consent from Mr. Doninelli to search it.   Mr. Doninelli, however, did not provide consent to search his van; instead he signed a blank Consent to Search form after the police had already searched his van.

Following the search of Mr. Doninelli's van and the discovery of the two guns in it, Mr. Doninelli made statements to the police regarding his ownership and possession of the guns. Those statements were made as the result of the discovery of the guns, and, as such, they should be suppressed as the fruits of the illegal search and seizure.  See Brown v. Illinois, 422 U.S. 590 (1975).

## Conclusion

The police did not have a warrant, probable cause or consent to search to the van, and the evidence recovered from it should be suppressed.

**Wherefore**, it is respectfully requested that this Court enter an order suppressing the physical evidence obtained by the New York Police Department in violation of the Fourth Amendment to the United States Constitution.

Dated: New York, New York
      October 12, 2007

                      LEONARD F. JOY, ESQ.
                      Federal Defenders of New York
                      Attorney for Defendant
                       **Carlos Doninelli**
                      52 Duane Street - 10th Floor
                      New York, New York  10007
                      Tel.:  (212) 417-8762


                      _____
                      **DAVID E. PATTON**


TO:    MICHAEL J. GARCIA, ESQ.
         United States Attorney
         Southern District of New York
         One St. Andrew's Plaza
         New York, New York  10007
         Attn.:  **ANTONIA M. APPS, ESQ**.
                 Assistant United States Attorney