

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 6, 2007

**BY HAND**

David E. Patton, Esq.
Federal Defenders of New York, Inc.
52 Duane Street–10th Floor
New York, NY 10007

      Re:    *United States* v. *Carlos Doninelli,*
             07 Cr. 752 (RPP)

Dear Mr. Patton:

      This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

<u>Disclosure By the Government</u>

      Based on your request for discovery in this case, I have enclosed copies of the following materials, which are stamped with control numbers 00001 through 00022:

      1.     the Indictment (00001-2);

      2.     the defendant's Marshal's information sheet and photograph (00003-5);

      3.     the defendant's criminal history (00006-13);

      4.     a mugshot pedigree photograph of the defendant taken by the NYPD shortly after the defendant's arrest (00014);

      5.     a property voucher for the firearms and ammunition recovered from the defendant's apartment (00015);

      6.     a firearm examination report (00016);

7.      a search warrant issued by the Criminal Court of the City of New York for the search of the defendant's apartment (00017)

8.      a written statement by the defendant consenting to the search of his apartment (00018); and

9.      a form signed by the defendant acknowledging that he has been advised of his Miranda rights and admitting that the guns and drugs found in his vehicle were his (00019); and

10.     a tracing report on one of the guns found in the defendant's vehicle showing its manufacture and interstate shipment (00020-22).

We also seized two guns which are available for your inspection at a mutually convenient date.

During the search of the defendant's apartment that was conducted pursuant to a search warrant issued by the Criminal Court of the City of New York, the defendant told officers of the New York City Police Department that the guns and drugs were in his white mini van parked out the front of his apartment building. At the conclusion of the search of the apartment, the defendant was taken to the police station. After being read his Miranda rights, the defendant signed a form consenting to the search of his vehicle. After the police searched the vehicle and found the drugs and the guns, the defendant was again read his Miranda rights. He then stated that he had owned the .38 caliber revolver for approximately two to three months, and he had owned the .22 caliber revolver for approximately one year.

You have also made a request for *Brady* material. The Government recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is currently unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light. The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

2

David E. Patton, Esq.
September 6, 2007
Page 3

### Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defense disclose prior statements of witnesses it will call to testify. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

### Sentence Reduction for Acceptance of Responsibility

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness. U.S.S.G. § 3E.1(a), Appl. Note 1.(g).

David E. Patton, Esq.
September 6, 2007
Page 4

       Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

                    Very truly yours,

                    MICHAEL J. GARCIA
                    United States Attorney
                    Southern District of New York

By:          _____
                    Antonia M. Apps
                    Assistant United States Attorney
                    (212) 637-2198

Enclosures